# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| WARD-KRAFT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ZEBRA TECHNOLOGIES CORPORATION, ZEBRA TECHNOLOGIES INTERNATIONAL, LLC, LASER BAND LLC, and ZIH CORP.,<br><br>Defendants. | Case No. 4:18-cv-1725<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Ward-Kraft Inc. ("Ward Kraft"), by and through its undersigned counsel, hereby sets forth its Complaint against Defendants Zebra Technologies Corporation ("ZTC"), Zebra Technologies International, LLC ("ZTI"), Laser Band LLC ("Laser Band"), and ZIH Corp. ("ZIH") (collectively, "Defendants" or "Zebra"), as follows:

## THE PARTIES

1. Plaintiff Ward-Kraft, Inc. is a corporation organized and existing under the laws of the state of Kansas with its principal place of business at 2401 Cooper Street, Fort Scott, Kansas 66701.

2. Upon information and belief, Defendant Zebra Technologies Corporation ("ZTC") is a corporation organized under the laws of Delaware with its principal place of business at 3 Overlook Point, Lincolnshire, Illinois 60069.

1

3. Upon information and belief, Defendant Zebra Technologies International, LLC ("ZTI") is a limited liability company organized and existing under the laws of the State of Illinois with its principal place of business at 3 Overlook Point, Lincolnshire, Illinois 60069.

4. Upon information and belief, Defendant Laser Band LLC ("Laser Band") is a limited liability company organized under the laws of the State of Missouri with its principal place of business at 120 South Central, Suite 450, St. Louis, Missouri 63105.

5. Upon information and belief, Defendant ZIH Corp. ("ZIH") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 3 Overlook Point, Lincolnshire, Illinois 60069.

## JURISDICTION AND VENUE

6. Ward Kraft's declaratory judgment claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This Court has subject matter jurisdiction over that claim and Ward Kraft's state law breach of contract claim based upon diversity pursuant to 28 U.S.C. § 1332, because Ward Kraft is a citizen of a different State than all of the Defendants and the matter in controversy exceeds the sum or value of $75,000.

7. Defendants are subject to personal jurisdiction in this District and subject to the Court's specific and general jurisdiction, pursuant to due process, on the grounds that they either reside in this District and the State of Missouri, regularly conduct or solicit business, engage in other persistent courses of conduct, and/or derive substantial revenue from the sale of goods and services to persons or entities in this District, and because a substantial part of the events or omissions giving rise to Ward Kraft's claims occurred in this District.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants either reside in this District and the State of Missouri, are subject to personal jurisdiction in this

District, and/or previously agreed via contract that any action to enforce any provision of the License Agreement that is the subject of this Complaint "shall be brought exclusively" in this District.

## BACKGROUND FACTS

9. Since 1972, Ward Kraft has been a nationally known leader in the printing industry, specializing in the design and production of labels, commercial printing, mailers, and business forms. Ward Kraft's expertise includes creating continuous, unit set, cut sheet labels and form/label combinations for use in a variety of different industries.

10. In the late 1990's, Jim Riley approached Ward Kraft about assisting with the design and development of self-laminating patient identification wristband forms for use in hospitals and throughout the medical industry. Jim Riley was then an officer of Riley, Barnard & O'Connell Business Products Inc. ("RBO"), and the owner of Laser Band, LLC.

11. Ward Kraft agreed and expended substantial time and resources, and provided valuable expertise, in order to develop these wristband forms, which the parties referred to as the "LB1" products. RBO agreed that, in return for Ward Kraft's significant contributions, Ward Kraft would have the exclusive right to manufacture the LB1 products. And Ward Kraft ultimately did, in fact, design and manufacture these products for RBO.

12. In March 1999, The Standard Register Company, another market participant, threatened RBO with litigation in relation to the LB1 products. RBO then brought suit against Standard Register, seeking a declaration of non-infringement, invalidity, and unenforceability of a patent owned by Standard Register relating to certain wristband forms and labels. Standard Register then filed counterclaims against RBO and Ward Kraft alleging patent infringement, which RBO and Ward Kraft denied.

13. In August 2000, RBO, Standard Register, and Ward Kraft came to an agreement to end all litigation and, in conjunction with additional interested non-parties Jim Riley, Laser Band, and the Avery Dennison Corporation, entered into certain other agreements to govern the rights of the various entities moving forward.

14. As a result, in addition to a Settlement Agreement between RBO, Standard Register, and Ward Kraft, Laser Band and Ward Kraft entered into a separate License Agreement effective August 11, 2000, whereby Ward Kraft agreed to make and sell certain licensed wristband forms in exchange for the payment of royalties to Laser Band.  A copy of the License Agreement (the "Agreement") is attached hereto as **Exhibit A**.

15. Under Paragraph 1 of the Agreement, and as reflected in various other portions of therein, Laser Band granted to Ward Kraft a royalty-bearing, non-exclusive license/sub-license under four patents owned by Laser Band (referred to as the "Riley Patents" in the Agreement) and one patent owned by Standard Register and licensed to Laser Band (referred to as the "Standard Patent" in the Agreement).  The license granted Ward Kraft the right, under the aforementioned patents, to make, use, offer to sell, sell, and import certain types of forms identified by Laser Band as PLS-102 and PLS-102W, as well as "other forms having both labels and a Wristband, the wristband being formed from a portion of the face ply and a portion of the liner ply, with the liner ply having a pair of integrally formed tabs for fastening the wristband and with a substantial portion of the face ply in the completed wristband being laminated on both sides by the portion of the liner ply."  These forms are defined and referred to throughout the Agreement as "Combo Forms."

16. Paragraph 1 of the Agreement further states that "Combo Forms covered by any of the Riley Patents or the Standard Patent shall be considered as 'Licensed Products'."

4

17. In addition to the royalty-bearing patent license granted by Laser Band to Ward Kraft, the Agreement includes a mutual covenant by the parties not to sue each other in connection with Combo Forms. Specifically, in Paragraph 12(h) of the Agreement, Laser Band granted to Ward Kraft and Ward Kraft granted to Laser Band "a covenant not to sue under ***any intellectual property or other right*** in connection with the making, using, offering for sale, sale and importing of the Combo form." (*See* Ex. A, p. 4 (emphasis added).) This mutual covenant not to sue is not limited to the Riley Patents or Standard Patent—or even patent rights generally—and is on its face broader in scope than the license granted by Laser Band to Ward Kraft under Paragraph 1 of the Agreement (regarding "Licensed Products").

18. Ward Kraft complied with all of its duties and obligations under the Agreement. At no point has there been any evidence or accusation by Laser Band or any successor company that Ward Kraft breached or failed to fulfill its duties or obligations under the Agreement. In fact, Ward Kraft manufactured the License Products and paid Laser Band millions of dollars in royalties based upon its sale of Licensed Products throughout the life of the Agreement.

19. Paragraph 12(f) of the Agreement states that Paragraphs 4 and 9-12 will survive the expiration or earlier termination of the Agreement.

20. Moreover, under Paragraph 12(c), the Agreement inures to the benefit of the parties (Laser Band and Ward Kraft), as well as their "successors and assigns," including a successor who acquires substantially all of the business of a party.

21. In 2012, upon information and belief, Defendants Zebra Technologies Corporation, Zebra Technologies International, LLC, and/or ZIH Corp acquired all or substantially all of Defendant Laser Band and its business. Upon information and belief, all of these entities are now affiliated.

5

22. On July 9, 2018, Defendant Laser Band along with its corporate successors Defendants Zebra Technologies Corporation, Zebra Technologies International, LLC, and/or ZIH Corp (collectively, "Zebra") filed a lawsuit in the District Court for the Northern District of Illinois (Case No. 1:18-cv-04711-SLE) (the "NDIL Lawsuit") against Ward Kraft and one of its primary distributors, Typenex Medical, LLC.  A copy of the Defendants' Complaint is attached hereto as **Exhibit B**.

23. The NDIL Lawsuit alleges that Ward Kraft is manufacturing, using, and/or selling a number of various forms that infringe Laser Band's and/or Zebra's intellectual property rights. Specifically, Laser Band and Zebra allege that "Ward Kraft manufactures and sells business forms that incorporate self-laminating, laser-printable patient identification wristbands, which Typenex markets and sells under the following marks: Helix AC Laser (Adult), Helix AC Laser L2 (Adult), Helix AC Laser L2 (Pediatric/Infant), Helix AC Laser L3 (Adult), FamBand Helix Laser AC, and FamBand Laser," which the Complaint in the NDIL Lawsuit refers to as "Typenex Products."  Laser Band and Zebra also allege that "Ward Kraft markets and sells business forms that incorporate self-laminating, laser-printable patient identification wristbands under the PolyBand mark." (*See* Ex. B, ¶ 61.)  All of these accused products are the successor wristband forms to the original LB1 products mentioned above.

24. More specifically, the NDIL Lawsuit alleges that the Helix AC Laser L2 and/or Helix AC Laser L3 products infringe one or more of Laser Band's U.S. Patent No. 7,779,569, U.S. Patent No.8,011,125, U.S. Patent No. 7,017,293, U.S. Patent No. 7,017,294, U.S. Patent No. 7,222,448, U.S. Patent No. 7,325,347, U.S. Patent No. 7,461,473, and U.S. Patent No. 7,779,570. (*See* Ex. B, Counts I - VIII.)  The NDIL Lawsuit alleges that the Helix AC Laser (Adult), Helix AC Laser L2 (Adult), Helix AC Laser L2 (Pediatric/Infant), Helix AC Laser L3 (Adult),

6

FamBand Helix Laser AC, FamBand Laser, and PolyBand 3 products infringe one or more of Laser Band's and/or Zebra's trademark or trade dress rights under 15 U.S.C. § 1125(a). (*See* Ex. B, Counts IX – XI.) And the NDIL Lawsuit alleges that Ward Kraft uses Laser Band's and/or Zebra's LASER BAND trademark in a misleading fashion such that Ward Kraft violates 15 U.S.C. § 1125(a). (*See* Ex. B, Count XII.)

25. All of the products named in the NDIL Lawsuit fall within the definition of a Combo Form as defined in Paragraph 1 of the Agreement between Laser Band and Ward Kraft. Moreover, all twelve Counts asserted by Laser Band and Zebra in the NDIL Lawsuit are based upon an intellectual property (or other) right. Thus, all of the Counts asserted by Laser Band and Zebra in the NDIL Lawsuit fall within the covenant not to sue that Laser Band granted to Ward Kraft in the Agreement.

26. By filing the NDIL Lawsuit against Ward Kraft and alleging violations of intellectual property (or other) rights through the sale of wristband form products that qualify as Combo Forms under the Agreement, Defendants breached the covenant not to sue in Paragraph 12(h) of the Agreement.

27. Under Paragraph 12(a) of the Agreement, Laser Band and Ward Kraft agreed to litigate any action to enforce the Agreement exclusively before the federal courts in the Eastern District of Missouri. Indeed, this paragraph states that the Agreement shall be construed, interpreted, and applied pursuant to the laws of the State of Missouri, and contains the following provision:

> [A]ny action by any party to enforce any provision of this Agreement shall be brought exclusively in the United States District Court for the Eastern District of Missouri, Eastern Division.

28. In the NDIL Lawsuit, Ward Kraft has pleaded the covenant not to sue as an affirmative defense to Laser Band's and Zebra's claims, but has not asserted any affirmative cause of action for breach or to enforce the Agreement.

## COUNT I
## BREACH OF CONTRACT

29. Ward Kraft incorporates by reference all previous allegations as though set forth fully herein.

30. The License Agreement described herein was duly executed by Laser Band and Ward Kraft, and constitutes a valid, binding, and enforceable contract.

31. The License Agreement created contractual obligations between Laser Band and Ward Kraft, including, but not limited to, Laser Band's covenant not to sue Ward Kraft under any intellectual property or other right in connection with the making, using, offering for sale, sale and importation of products that qualify as Combo Forms as defined in the Agreement.

32. Ward Kraft performed all of its material obligations required under the Agreement, including payment of all royalty amounts to Laser Band for the sale of Licensed Products throughout the life of the Agreement, and satisfaction of all other promises and obligations listed in the Agreement.

33. Per the terms of the Agreement, Laser Band's promise not to sue Ward Kraft is valid and subsisting and survives either expiration or termination of the Agreement.

34. The Agreement makes clear that it inures to the benefit of the parties and their "successors and assigns," including a successor who acquires substantially all of the business of a party.

35. Upon information and belief, in 2012, Defendants Zebra Technologies Corporation, Zebra Technologies International, LLC, and/or ZIH Corp acquired all or substantially all of Defendant Laser Band and its business.

36. On July 9, 2018, Defendants, including Laser Band, filed the NDIL Lawsuit—a lawsuit in the Northern District of Illinois (Case No. 1:18-cv-04711-SLE—against Ward Kraft and one of its primary distributors, Typenex Medical, LLC.

37. This NDIL Lawsuit alleges that Ward Kraft and Typenex are manufacturing, using, and selling products that infringe Defendants' intellectual property rights, including patent and trademark rights.

38. The products identified in the NDIL Lawsuit qualify as Combo Forms as they are defined in Paragraph 1 the Agreement between Laser Band and Ward Kraft.  All of Defendants' claims in the NDIL Lawsuit are further based upon intellectual property or other rights as set out in Paragraph 12(h) of the Agreement.

39. Defendants' bringing and assertion of the NDIL Lawsuit against Ward Kraft and Typenex constitutes a material breach of the Agreement, specifically Laser Band's covenant not to sue Ward Kraft.

40. By filing the NDIL Lawsuit, Defendants have also breached their implied duty of good faith and fair dealing with respect to the Agreement.

41. As a direct and proximate result of Defendants' breach of the Agreement, Ward Kraft has suffered damages and will continue to suffer damages, in an amount to be determined at trial but not less than $75,000, and Ward Kraft is threatened with further irreparable harm that cannot be compensated through an award of monetary relief.  By way of example, not only has Ward Kraft incurred unnecessary attorneys' fees as a result of Defendants' breach, but

Defendants' breach has a direct and chilling effect in the market in regards to Ward Kraft's goods.

42.     As a result of the foregoing, Ward Kraft also requests a judgment for damages and preliminary and permanent injunctive relief in its favor and against Defendants for breach of the Agreement.

## COUNT II
## DECLARATORY JUDGMENT

43.     Ward Kraft incorporates by reference all previous allegations as though set forth fully herein.

44.     An actual case or controversy and legal conflict exists between the parties as to whether wristband forms identified by Defendants (in the NDIL Lawsuit) as the Helix AC Laser L3 (Product Code CPO120W), Helix AC Laser L2 (Product Code CPO121W), Helix AC Laser (Adult), Helix AC Laser L2 (Adult), Helix AC Laser L2 (Pediatric/Infant), Helix AC Laser L3 (Adult), FamBand Helix Laser AC, FamBand Laser, and PolyBand/PolyBand 3 products qualify as "Combo Forms" pursuant to Paragraph 1 of the Agreement between Laser Band and Ward Kraft and further fall within the covenant not to sue granted by Laser Band to Ward Kraft in Paragraph 12 of the Agreement.

45.     Defendants have filed a lawsuit in the Northern District of Illinois (Case No. 1:18-cv-04711-SLE) against Ward Kraft and one of its distributors, Typenex Medical, LLC, alleging that the above-mentioned wristband form products, *inter alia*: infringe U.S. Patent No. 7,779,569, U.S. Patent No.8,011,125, U.S. Patent No. 7,017,293, U.S. Patent No. 7,017,294, U.S. Patent No. 7,222,448, U.S. Patent No. 7,325,347, U.S. Patent No. 7,461,473, U.S. Patent No. 7,779,570; infringe or otherwise misrepresent Laser Band's rights in Trademark Registration

Nos. 2,550,744, 3,107,795, and 2,849,741; and infringe Defendants' common law trademark rights and trade dress rights in certain wristband forms, designations, and in the color blue.

46.     Ward Kraft requests a declaration from this Court that (1) the products identified by Defendants in the NDIL Lawsuit—including specifically wristband forms Helix AC Laser L3 (Product Code CPO120W), Helix AC Laser L2 (Product Code CPO121W), Helix AC Laser (Adult), Helix AC Laser L2 (Adult), Helix AC Laser L2 (Pediatric/Infant), Helix AC Laser L3 (Adult), FamBand Helix Laser AC, FamBand Laser, and PolyBand/PolyBand 3—qualify as "Combo Forms" pursuant to Paragraph 1 the Agreement; and (2) the covenant not to sue in Paragraph 12(h) of the Agreement therefore applies to bar any intellectual property-based legal claims or other claims that have been or could be asserted by Defendants in connection with the making, using, offering for sale, sale and importing of such products, including specifically all claims asserted by Defendants in the NDIL Lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, Ward Kraft respectfully requests that judgment be entered in its favor and against Defendants Zebra Technologies Corporation, Zebra Technologies International, LLC, Laser Band LLC, and ZIH Corp. as follows:

A.  An award of all monetary damages to which Ward Kraft is entitled by law, including punitive damages, for Defendants' breach of the Agreement, including Defendants' breach of the implied covenant of good faith and fair dealing;

B.  A declaration from this Court that (1) the products identified by Defendants in the NDIL Lawsuit as qualify as "Combo Forms" pursuant to Paragraph 1 the Agreement; and (2) the covenant not to sue in Paragraph 12(h) of the Agreement therefore applies to bar any intellectual property based legal claims or other

claims that have been or could be asserted by Defendants in connection with the making, using, offering for sale, sale and importing of such products.

C. Entry of preliminary and permanent injunctive relief in favor of Ward Kraft staying and/or dismissing the lawsuit filed by Defendants in the Northern District of Illinois (Case No. 1:18-cv-04711-SLE) in its entirety until such time as a judicial determination in this Court can be made as to whether the aforementioned products qualify as Combo Forms as defined in the Agreement and the applicability of the covenant not to sue as defined in the Agreement;

D. An award of Ward Kraft's costs and reasonable attorneys' fees and disbursements incurred in defending the lawsuit improperly filed by Defendants in the Northern District of Illinois, and the reasonable attorneys' fees and disbursements incurred in bringing and prosecuting the above-captioned case;

E. An assessment of interest, both pre- and post-judgment, on the damages awarded;

F. Any such further and additional relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Ward Kraft requests a jury trial on all issues so triable.

Dated:  October 9, 2018	Respectfully submitted,

By:     */s/ Matthew A. Jacober*

    Matthew A. Jacober (MO #51585)
    LATHROP GAGE LLP
    7701 Forsyth Blvd.
    Suite 500
    Clayton, MO 63105
    Telephone:  (314) 613-2845
    Email:     mjacober@lathropgage.com

    Travis W. McCallon
    Luke M. Meriwether
    LATHROP GAGE LLP
    2345 Grand Blvd.
    Suite 2200
    Kansas City, MO  64108
    Telephone:  (816) 292-2000
    Email:     tmccallon@lathropgage.com
           lmeriwether@lathropgage.com

    Attorneys for Plaintiff Ward-Kraft, Inc.